UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-229 (ECT/DJF)

UNITED STATES OF AMERICA,

        Plaintiff,          **PLEA AGREEMENT AND SENTENCING STIPULATIONS**

v.

BRENDON MICHAEL DAUGHERTY,

        Defendant.

The United States of America and defendant Brendon Michael Daugherty (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count Two of the Indictment, which charges the defendant with Interstate Transmission of a Threat to Injure the Person of Another, in violation of 18 U.S.C. § 875(c). The defendant fully understands the nature and elements of the crime with which he has been charged. At the time of sentencing, the government agrees to move to dismiss the remaining count of the Indictment.

2. **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count Two of the Indictment. In pleading guilty, the defendant admits the following

facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

On or about June 11, 2022, in the State and District of Minnesota and elsewhere, the defendant did knowingly and willfully transmit in interstate and foreign commerce a communication, specifically, a phone call from Minnesota to the U.S. Senate Field Office of Victim A, and the communication contained a threat to injure Victim A.

During the time period charged in the indictment, the defendant was a resident of the State and District of Minnesota. During the time period charged in the indictment, Victim A was a United States Senator representing a state outside the State and District of Minnesota.

On or about June 11, 2022, the defendant made two telephone calls to Victim A's field office in Victim A's home state. In each instance, the defendant left a voicemail for Victim A. The defendant made these calls for the purpose of issuing a true threat and with knowledge that the communication would be viewed as a true threat.

At approximately 9:56 a.m. Eastern Time, the defendant left the following voicemail for Victim A: "[Victim A], this is someone that's not in your constituency, but I'm just letting you know. You and the Republican Party should be proud that you're pushing me to become a domestic terrorist. Have a nice fuckin' day; can't wait to kill ya."

Immediately thereafter, the defendant called back and left a second voicemail message for Victim A: "I also just wanted to note, thank god the Republican Party is against gun control laws because it would keep guns out of the hands of a person that was disabled

and volatile like I am, but you guys are totally against that. So I may actually get to carry out my nefarious goals."

The defendant agrees that the conduct described above constitutes a violation of 18 U.S.C. § 875(c).

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of

guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.  **Additional Consequences**. The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6.  **Statutory Penalties**. The defendant understands that Count Two of the Indictment (Interstate Transmission of a Threat to Injure the Person of Another, in violation of 18 U.S.C. § 875(c)) is a felony offense that carries the following statutory penalties:

    a.  a maximum of 5 years in prison;

    b.  a maximum supervised release term of 3 years;

    c.  a maximum fine of $250,000;

    d.  restitution as agreed to by the parties in this agreement;

    e.  assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920; and

    f.  a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

7.  **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate

to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

a. Base Offense Level. The parties agree that the base offense level is **12**. U.S.S.G. § 2A6.1(a)(1).

b. Specific Offense Characteristics. The parties agree that the offense level should be decreased by **4** levels because subsections 2A6.1(a)(2) and subdivision 2A6.1(b)(1), (2), (3), (4), and (5) do not apply, and the offense involved a single instance evidencing little or no deliberation. U.S.S.G. § 2A6.1(b)(6). The parties agree that no other specific offense characteristics apply.

c. Chapter 3 Adjustments. The parties agree that the offense level should be increased by **6** levels because the victim was a government officer, the offense of conviction was motivated by such status, and the applicable Chapter Two guideline is from Chapter Two, Part A (Offenses Against the Person). U.S.S.G. § 3A1.2(a) & (b). The parties agree that, other than acceptance of responsibility, no additional Chapter 3 adjustments apply.

d. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a **2**-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Whether this reduction will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendation is conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including engaging in additional illegal conduct or frivolously denying facts in the Presentence Report.

e. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category III or IV. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The

5

    defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

  f. <u>Guidelines Range</u>. If the adjusted offense level is 12, and the criminal history category is III, the Sentencing Guidelines range is **15 to 21 months of imprisonment**. If the adjusted offense level is 12, and the criminal history category is IV, the Sentencing Guidelines range is **21 to 27 months of imprisonment**.

  g. <u>Fine Range</u>. If the adjusted offense level is 12, the Sentencing Guidelines fine range is $5,500 to 55,000. U.S.S.G. § 5E1.2(c)(3).

  h. <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least 1 year up to a maximum supervised release term of 3 years. U.S.S.G. § 5D1.2(a)(2).

8. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within

the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12. **Restitution Agreement**. The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victim of his crime. However, the parties understand that Victim A does not intend to claim any restitution in this case.

13. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14. **Waiver of Collateral Attack.** The defendant waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. The defendant has discussed this right with the defendant's attorney. The defendant understands the right being waived, and the defendant waives this right knowingly, intelligently, and voluntarily.

15. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16. **Complete Agreement**. The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: November 1, 2022

BY: Kimberly A. Svendsen
Assistant United States Attorney

Date: 11/1/2022

Brendon Michael Daugherty
Defendant

Date: 11/1/2022

Robert Richman, Esq.
Counsel for Defendant

9